**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| LIST INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | Court No. 21-00521 |
| and, ) | |
| ) | |
| ZHEJIANG XINGYI METAL PRODUCTS CO., LTD. / ) | |
| XINGYI METALWORKING TECHNOLOGY ) | |
| (ZHEJIANG) CO., LTD., ) | |
| ) | |
| HANGZHOU XLINE MACHINERY & ) | |
| EQUIPMENT, ) | |
| ) | |
| WEC MANUFACTURING, LLC., ) | |
| ) | |
| Defendant-Intervenors. ) | |

## **ORDER**

Upon consideration of plaintiff's motion for judgment upon the agency record, the responses thereto, plaintiff's reply, the administrative record, and all other pertinent papers, it is hereby

ORDERED that plaintiff's motion is DENIED; and it is further

ORDERED that the Department of Commerce's determination is sustained; and it is further

ORDERED that judgment shall enter in favor of the United States.

Dated:_____, 2022                                     _____
        New York, NY                                              CHIEF JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| LIST INDUSTRIES, INC.,         ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| v.       ) | |
| ) | |
| UNITED STATES,       ) | |
| ) | |
| Defendant,       ) | |
| ) | Court No. 21-00521 |
| and,       ) | |
| ) | |
| ZHEJIANG XINGYI METAL PRODUCTS CO., LTD. / ) | |
| XINGYI METALWORKING TECHNOLOGY       ) | |
| (ZHEJIANG) CO., LTD.,       ) | |
| ) | |
| HANGZHOU XLINE MACHINERY &       ) | |
| EQUIPMENT,       ) | |
| ) | |
| WEC MANUFACTURING, LLC.,       ) | |
| ) | |
| Defendant-Intervenors.       ) | |

**DEFENDANT-INTERVENOR ZHEJIANG XINGYI METAL PRODUCTS CO., LTD.'S**
**BRIEF IN RESPONSE TO PLAINTIFF'S**
**MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

**MORRIS, MANNING & MARTIN, LLP**
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005
(202) 216-4116

June 10, 2022

*Counsel to Defendant-Intervenor Zhejiang
Xingyi Metal Products Co., Ltd.*

**TABLE OF CONTENTS**

I.     RULE 56.2 STATEMENT ................................................................................. 1

II.    ISSUES OF LAW .......................................................................................... 2

III.   STANDARD OF REVIEW ............................................................................ 3

IV.    ARGUMENT ................................................................................................. 4

      A.    Commerce Reasonably Relied On The Ayes Financial Statement Because Ayes Is A Producer Of Comparable Merchandise And The Statement Provided The Best Data For Calculating Financial Ratios .................................................................. 4

      B.    Commerce Reasonably Adjusted the Ayes Financial Ratios in Accordance With Its Practice ................................................................................................. 5

V.     CONCLUSION ............................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bowman Transp. Inc. v. Arkansas-Best Freight Sys., Inc.*,
 419 U.S. 281 (1974).................................................................................................3

*Chevron U.S.A., Inc. v. Nat. Res. Def. Council*,
 467 U.S. 837 (1984).................................................................................................3

*Consol. Edison Co. v. Nat'l Labor Relations Bd.*,
 305 U.S. 197 (1938).................................................................................................3

*Matsushita Elec. Indus. Co., Ltd. v. United States*,
 750 F.2d 927 (Fed. Cir. 1984).................................................................................3

*Thomas Jefferson Univ. v. Shalala*,
 512 U.S. 504 (1994).................................................................................................3

**Statutes**

19 U.S.C. § 1516a(b)(1)..................................................................................................2

**Other Authorities**

*Forged Steel Fittings From the Republic of Korea: Final Affirmative
 Determination of Sales at Less Than Fair Value*, 85 Fed. Reg. 66,302 (Dep't
 Commerce Oct. 19, 2020)........................................................................................5

*Polyethylene Terephthalate Film, Sheet, and Strip From the People's Republic of
 China: Preliminary Results of Antidumping Duty Administrative Review;
 2011-2012,* 78 Fed. Reg. 78,333 (Dep't Commerce Dec. 26, 2013) .......................4

*Certain Metal Lockers and Parts Thereof From the People's Republic of China:
 Final Affirmative Determination of Sales at LessThan Fair Value*, 86 Fed.
 Reg. 35,737 (Dep't of Commerce July 7, 2021)....................................................2

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| LIST INDUSTRIES, INC.,           ) | |
|        ) | |
|       Plaintiff,    ) | |
|        ) | |
|     v.      ) | |
|        ) | |
| UNITED STATES,    ) | |
|        ) | |
|       Defendant,    ) | |
|        ) | Court No. 21-00521 |
|       and,    ) | |
|        ) | |
| ZHEJIANG XINGYI METAL PRODUCTS CO., LTD. / ) | |
| XINGYI METALWORKING TECHNOLOGY ) | |
| (ZHEJIANG) CO., LTD.,   ) | |
|        ) | |
| HANGZHOU XLINE MACHINERY & ) | |
| EQUIPMENT,    ) | |
|        ) | |
| WEC MANUFACTURING, LLC., ) | |
|        ) | |
|     Defendant-Intervenors. ) | |

**DEFENDANT-INTERVENOR ZHEJIANG XINGYI METAL PRODUCTS CO., LTD.'S
BRIEF IN RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Pursuant to Rule 56.2, and the April 26, 2022, Amended Scheduling Order, ECF No. 35, Defendant-Intervenor Zhejiang Xingyi Metal Products Co., Ltd. ("ZXM") files this brief in opposition to Plaintiff List Industries Inc.'s ("Plaintiff") Rule 56.2 Motion for Judgment on the Agency Record, *List Industries Inc. v. United States* (Feb. 22, 2022) ECF No. 32 ("Pl.'s Br."). As discussed herein, the arguments made by Plaintiff are without merit and should be rejected.

**I.    RULE 56.2 STATEMENT**

The administrative determination under review is *Certain Metal Lockers and Parts Thereof From the People's Republic of China: Final Affirmative Determination of Sales at Less*

1

*Than Fair Value*, 86 Fed. Reg. 35,737 (Dep't of Commerce July 7, 2021) (*Final Determination*),

P.R. 363, and accompanying Issues and Decision Memorandum, P.R. 348.[1] The investigation

covers the period from July 1, 2018 to June 30, 2019. *Id.*

## II.   ISSUES OF LAW

Plaintiff challenges two aspects of the U.S. Department of Commerce's ("Commerce" or

"the Department") *Final Determination*.  First, whether Commerce's determination that Ayes

Celikhasir VE CT's ("Ayes") financial statements were the only data of a producer of

comparable merchandise available for calculating surrogate financial ratios is supported by

substantial evidence and in accordance with law.  Second, whether Commerce reasonably

calculated the surrogate financial ratios of Ayes according to its practice.

The Defendant United States filed its response brief on May 27, 2022. *See* Defendant's

Memorandum in Opposition to Plaintiff's Rule 56.2 Motion for Judgment on the Agency

Record, *List Indus. Inc. v. United States* (May 27, 2022), ECF No. 36 ("Def.'s Resp. Br.").

Pursuant to the Court's December 21, 2022 Scheduling Order directing intervening parties to

refrain from raising duplicative arguments, ZXM notes that it endorses Defendant's substantive

responses concerning the financial statements selected for use and the calculation of the

surrogate financial ratios but does not repeat them here.  *See* Scheduling Order, *List Indus. Inc. v.*

*United States* (Dec. 21, 2021) ECF No. 31.  ZXM provides additional arguments in this response

brief in support of Commerce's determination in the *Final Determination* on these two issues.

---

[1] "P.R." refers to documents in the public record and "C.R." refers to documents in the
confidential record.

### III.    STANDARD OF REVIEW

In reviewing a challenge to Commerce's determination in an investigation, the Court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Consol. Edison Co. v. Nat'l Labor Relations Bd.,* 305 U.S. 197, 217 (1938); *accord Matsushita Elec. Indus. Co., Ltd. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984).  The Court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."  *Bowman Transp. Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974).

Commerce's interpretation of the antidumping duty statute is reviewed pursuant to the standard set out in *Chevron U.S.A., Inc. v. Nat. Res. Def. Council*, 467 U.S. 837, 842-43 (1984). First, the court must determine whether Congress has directly spoken to the precise question at issue.  *Id.*  The court, as well as the agency, must give effect to the unambiguously expressed intent of Congress and therefore, if the intent of Congress is clear, "that is the end of the matter." *Id.*  If, however, the court determines that the statute is silent or ambiguous, the court does not simply impose its own construction on the statute.  Instead, the court must assess whether the agency's interpretation of the statute is reasonable.  *See id.*

When reviewing Commerce's interpretation of its regulations, this Court's "task is not to decide which among several competing interpretations best serves the regulatory purpose. Rather, the agency's interpretation must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'"  *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (*quoting Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)).

IV.     **ARGUMENT**

   A.     **Commerce Reasonably Relied On The Ayes Financial Statement Because Ayes Is A Producer Of Comparable Merchandise And The Statement Provided The Best Data For Calculating Financial Ratios**

Commerce's determination that the Ayes financial statements are superior to the Grupo

Carso statements because Ayes produced comparable merchandise and Grupo Carso did not is

supported by substantial evidence and in accordance with law.  ZXM concurs with and supports

the arguments made by Defendant on this issue.  As described by the Defendant, Commerce

examined substantial evidence provided on the record by ZXM that demonstrated that Ayes is a

producer of products with similar physical characteristics, end uses, and production processes as

the subject merchandise.  *See* Letter from Morris, Manning, & Martin LLP to Sec'y Commerce,

"Certain Metal Lockers and Parts Thereof From the People's Republic of China, Case No. A-

570-133: Submission of Surrogate Financial Ratios," at Exhibits 3-5 (Dec. 18, 2020), P.R. 269.

Thus, Commerce's determination was based on substantial evidence.

The record is largely devoid of any similar evidence relating to the Grupo Carso financial

statements, on the other hand.  As noted by the Defendant, the record "lacks any evidence

regarding the physical characteristics, end uses or the production process for such containers."

P.R. 348 at 13.  Commerce's practice is clear that the burden is on the party advocating for a

specific surrogate country to provide the record evidence in support of their position.  *See*

*Polyethylene Terephthalate Film, Sheet, and Strip From the People's Republic of China:*

*Preliminary Results of Antidumping Duty Administrative Review; 2011-2012,* 78 Fed. Reg.

78,333 (Dep't Commerce Dec. 26, 2013) and accompanying Issues and Decisions Memorandum

at 13. ("Any party advocating a specific surrogate country has the burden of creating an adequate

record to support its selection").   In the underlying investigation, Plaintiff, rather, merely

provides assertions that Grupo Carso's products are comparable.[2]  Thus, Plaintiff has not met its

burden to provide substantial evidence to support its argument that Grupo Carso produced

comparable merchandise.

### B.      Commerce Reasonably Adjusted the Ayes Financial Ratios in Accordance With Its Practice

ZXM agrees with Defendant that Commerce properly calculated the financial ratios in

accordance with its practice.  Defendant specifically refutes each of the Plaintiff's arguments on

this issue and describes in detail how Commerce's determination was consistent with its practice

and based on substantial evidence.  Consistent with the Court's instructions, ZXM will not repeat

these arguments.

ZXM notes more generally that Plaintiff's arguments amount to nothing more than a

barrage of unsupported assertions to exclude various line-items in the Ayes financial statements

designed in order to disqualify the Ayes financial statements as unprofitable.  The Department,

however, does not cherry-pick financial statement line items and conduct wholesale revisions to

a company's realized expenses or profits as argued by Plaintiff.  *See Wooden Bedroom Furniture*

*from the People's Republic of China: Final Results of Antidumping Duty Administrative Review*

*and New Shipper Review*, 73 Fed. Reg. 49,162 (Aug. 20, 2008) and accompanying Issues and

Decision Memorandum at Comment 1.C. (determining that a certain surrogate financial

---

[2] ZXM notes that the quote in the Defendant's Memorandum in Opposition to Plaintiff's Motion for Judgment on the Agency Record makes it sound like Grupo Carso produces lockers: "The products plaintiff lists, 'lockers such as steel tubing, metallic structures (for bridges, building, and mining branches), heat exchangers, pressure vessels, distillation towers, air coolers, surface capacitors, high pressure feed water heaters, and large containers,' *See* Pl. Br. at 18, are the same products Commerce noted in the final determination." Def.'s Resp. Br. at 13.

The more complete statement by the Plaintiff is "the record shows that Grupo Carso produces a large variety of metal products like lockers such as steel tubing, metallic structures (for bridges, building, and mining branches), heat exchangers, pressure vessels, distillation towers, air coolers, surface capacitors, high pressure feed water heaters, and large containers." (emphasis added). That is, Grupo Carso does not produce "lockers," nor does Plaintiff claim they do. Pl. Br. at 18.

statement was profitable and usable because ". . . according to {the surrogate company's} profit

and loss statement, the company had a profit for the year. Excluding certain items from a

company's income or profit and loss statements is not the Department's practice. Rather, we

determine whether or not the company was profitable for the period under examination").

Instead, the Department should be consistent in its treatment of both the revenue and

expense side of the same line item on Ayes' audited financial statements.  *Forged Steel Fittings*

*From the Republic of Korea: Final Affirmative Determination of Sales at Less Than Fair Value*,

85 Fed. Reg. 66,302 (Dep't Commerce Oct. 19, 2020) and accompanying Issues and Decisions

Memorandum at 18 ("In calculating the G&A expense ratio, Commerce normally includes

certain expenses and revenues that relate to the general operations of the company as a whole

and to the accounting period").  To include only expenses and none of the revenue or gains or

income associated with doing business, further deducting those revenues from the profits, and

then concluding a company did not have any profits would be a results-driven undertaking that

Commerce correctly rejected in the *Final Determination*.

## V.     CONCLUSION

Based on the foregoing, ZXM respectfully requests that this Court reject Plaintiff's

arguments and affirm Commerce's *Final Determination*.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

**MORRIS, MANNING & MARTIN, LLP**
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005
(202) 216-4116

*Counsel to Defendant-Intervenor Zhejiang
Xingyi Metal Products Co., Ltd.*

7

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 1,528 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

/s/ Brady W. Mills
Brady W. Mills