Slip Op. 23-143

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LIST INDUSTRIES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>  and<br><br>WEC MANUFACTURING, LLC, HANGZHOU XLINE MACHINERY & EQUIPMENT CO., LTD., ZHEJIANG XINGYI METAL PRODUCTS CO., LTD., XINGYI METALWORKING TECHNOLOGY (ZHEJIANG) CO., LTD.,<br><br>    Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge<br>Court No. 21-00521 |

## <u>OPINION</u>

[Sustaining the U.S. Department of Commerce's remand results]

Dated: September 28, 2023

<u>Elizabeth C. Johnson</u>, <u>Kathleen Weaver Cannon</u>, and <u>R. Alan Luberda</u>, Kelley Drye & Warren, LLP, of Washington, DC, for Plaintiff.

<u>Ioana Cristei</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant.  Of counsel were <u>Jesus Nieves Saenz</u> and <u>Leslie Mae Lewis</u>, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

<u>Camelia C. Mazard</u> and <u>Andre P. Barlow</u>, Doyle, Barlow & Mazard, PLLC, of Washington, DC, for Defendant-Intervenor WEC Manufacturing, LLC.

Court No. 21-00521                                                                                    Page 2

Lizbeth R. Levinson, Brittney Renee Powell, and Ronald M. Wisla, Fox Rothschild LLP, of Washington, DC, for Defendant-Intervenor Hangzhou Xline Machinery & Equipment Co., Ltd.

Eugene Degnan and Nicholas Duffey, Morris, Manning & Martin LLP, of Washington, DC, for Defendant-Intervenors Zhejiang Xingyi Metal Products Co., Ltd. and Xingyi Metalworking Technology (Zhejiang) Co., Ltd.

Barnett, Chief Judge:  Plaintiff List Industries, Inc. commenced this action challenging the U.S. Department of Commerce's ("Commerce" or "the agency") final determination in the antidumping duty investigation of certain metal lockers from the People's Republic of China.  *See Certain Metal Lockers and Parts Thereof From China*, 86 Fed. Reg. 35,737 (Dep't Commerce July 7, 2021) (final affirmative determination of sales at less than fair value) ("*Final Results*"), ECF No. 28-4, and accompanying Issues and Decision Mem., A-570-133 (June 28, 2021), ECF No. 28-5.  Plaintiff challenged several aspects of the *Final Results*, namely, Commerce's selection of Turkey as the primary surrogate country, instead of Mexico, as well as the selection of certain surrogate values, including the selection and calculation of financial ratios.  Pl.'s Mot. For J. on the Agency R., ECF No. 32.

In *List Industries, Inc.,* the court found that Commerce's selection of Turkey as the primary surrogate country was supported by substantial evidence.  *See List Indus. Inc., v. United States*, Slip Op. 23-83, 2023 Ct. Int'l Trade LEXIS 85, at *28 (CIT May 30, 2023).  The court also found that while Commerce properly accounted for certain other real operating income categories when relying upon Turkish company Ayes Celikhasir VE CT's ("Ayes") financial statements, Commerce's inclusion of rental income and

Court No. 21-00521                                                                Page 3

treatment of interest income in calculating Ayes' profit must be remanded for

reconsideration or explanation.  *Id*. at *19–25.  Thus, the court remanded the matter to

Commerce "so that it may reconsider, or further explain, its treatment of Ayes' 'incentive

income,' 'shipping income,' 'rental income,' and 'interest income,' when calculating the

surrogate financial ratios."  *Id.* at *27.

On August 23, 2023, Commerce issued its redetermination upon remand in this

case.  Final Results of Redetermination Pursuant to Ct. Remand ("Remand Results"),

ECF No. 54-1.[1]  Therein, Commerce provided further explanation for its treatment of

"shipping revenue, incentive income, interest income and rental income in the

determination of the selling, general, and administrative ("SG&A") expense ratio using

Ayes audited financial statements."  *Id.* at 1.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(i) of the Tariff Act of

1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2018) and 28 U.S.C. § 1581(c)

(2018).  The court will uphold an agency determination that is supported by substantial

evidence and otherwise in accordance with law.  19 U.S.C. §1516a(b)(1)(B)(i).

### DISCUSSION

The deadline for any comments in opposition to the Remand Results was

September 22, 2023.  *See List Indus. Inc.*, 2023 Ct. Int'l Trade LEXIS 85, at *30.  The

deadline has lapsed with no comments in opposition having been filed.  Commerce's

---

[1] The administrative record associated with Commerce's Remand Results is contained
in both Public and Confidential Remand Records, ECF Nos. 54-2, 54-3.

Court No. 21-00521                                                    Page 4

Remand Results are uncontested and comply with the court's remand order for Commerce to consider or further explain its treatment of Ayes' various income categories when calculating the surrogate financial ratios.  In the absence of comments on the Remand Results, there are no further issues for the court to adjudicate.

### Conclusion

There being no substantive challenge to the agency's Remand Results, and that decision being otherwise lawful and supported by substantial evidence, the court will sustain Commerce's Remand Results.  Judgment will be entered accordingly.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: September 28, 2023
         New York, New York